**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALBERTO COREAS-GUILLEN, a.k.a. Jose Alberto Coreas, a.k.a. Jose Alberto Cuillen, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72338 <br><br> Agency No. A075-576-990 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Jose Alberto Coreas-Guillen, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and request for a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary decision to deny Coreas-Guillen's request for a 212(h) waiver. *See* 8 U.S.C. § 1252(a)(2)(B); *Mejia v. Gonzalez*, 499 F.3d 991, 999 (9th Cir. 2007). Coreas-Guillen's contentions that the BIA ignored its own precedent and applied an incorrect legal standard are not supported by the record and do not amount to colorable legal or constitutional claims over which we have jurisdiction. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979-80 (9th Cir. 2009).

Substantial evidence supports the agency's denial of withholding of removal because Coreas-Guillen failed to demonstrate it is more likely than not he would be persecuted if returned to El Salvador. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative).

Finally, the record does not support Coreas-Guillen's contention that he was deprived of a full and fair hearing. *See Lata v*. *INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**